REQUESTED BY: Dear Senator:
You have directed our attention to LB 4, Eighty-Fifth Legislature, First Special Session, 1978. LB 4 in Section 1 provides:
 "The State of Nebraska shall limit its budget for the 1979-80 fiscal year to an amount not to exceed five per cent more than its budget for the 1978-79 fiscal year; and for each fiscal year after the 1979-80 fiscal year its budget shall not exceed the previous fiscal year's budget by more than five per cent."
You ask, does this limitation exclude the general, cash or revolving fund appropriations for the University of Nebraska, Board of Educational Lands and Funds and other agencies created in the Constitution. In Section 3 of LB 4 `budget' is defined to include all funds which are appropriated by the Legislature except that it shall not include any federal funds that may be appropriated. Arguably this could include all funds coming into the hands of any agency of state government, whether constitutionally created or otherwise. So the deciding factor would be whether or no the Legislature saw fit to appropriate funds that may be characterized as trust funds. For instance, the Supreme Court, in the case of Board of Regents v. Exon, 199 Neb. 146,256 N.W.2d 330 (1977), held:
 "The expenditure of the general funds of the state is under the control of the Legislature and it is the duty and responsibility of the Legislature to make the appropriations necessary for the operation of state government. The restriction upon money to be drawn from the treasury has reference generally to funds of the state that may be used to defray the general expenses of government."
The court went on to hold that the Legislature could not control, by requiring annual appropriations, the expenditure or use of such monies as student fees, fees charged at the Medical Center, similar fees charged for University activities or profits from the sale of commodities raised on University property. These funds not derived from taxation were held to have a different status. Thus it would appear that these kinds of funds are not subject to legislative control. As you know, there are a variety of entities created by the Constitution which derive operating revenue from their operation the University of Nebraska, the Board of Trustees of the State Colleges and the Board of Educational Lands and Funds all derive operating revenue out of the proprietary functions. Each of these agencies in addition receive money appropriated by the Legislature from the general fund for the operation of their particular body.
While the definition of Section 3 of LB 4 might be broad enough to include the monies raised by these entities, we believe that in light of the Supreme Court's decision inBoard of Regents v. Exon this particular limitation would not apply to funds accruing by virtue of proprietary activities of constitutional entities. At least with respect to the three agencies mentioned in this letter some grant of power by the Constitution exists in respect to their ability to expend those funds as it has been interpreted in Boardof Regents v. Exon. Thus, even if the Legislature determined that they would appropriate a sum of money in the state budget to be derived from these sources, we believe that the court would hold this to be an unnecessary act and of no force or effect. Therefore, such funds would be excluded as not being funds which are appropriated by the Legislature.
You also ask that we list all agencies or commissions that might be excluded from the provisions of this legislation. It is our opinion that only those agencies which have constitutional status and constitutional authority to expend funds or to operate in a proprietary capacity would be such as to be excluded from a limitation. Any agency created by the Legislature which acts in a proprietary capacity or has a cash or revolving fund appropriated would be subject to the limitation expressed in LB 4.